**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony B. Giunta and Agnes Lea Giunta, ) | CIV-07-1647-PHX-MHB |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| City of Phoenix, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Defendant Maricopa County's Motion to Dismiss (Doc. #6), the City Defendants' (City of Phoenix, Jack F. Harris, Officer Michael T. Rogers, and Officer Vincent Atwell) Partial Motion to Dismiss (Doc. #7), and Plaintiffs' Motion to Amend Complaint and Motion to Strike Section III of Defendant Maricopa County's Reply in Support of its Motion to Dismiss (Doc. #15). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

## BACKGROUND

This lawsuit arises from the arrest and incarceration of Plaintiff Anthony B. Giunta on or around April 21, 2006. As a result of his arrest and incarceration, on April 28, 2007, Plaintiffs, appearing *pro se*, filed suit in Maricopa County Superior Court against the City Defendants, Maricopa County, Sheriff Joe Arpaio, and several unnamed Defendants alleging a civil rights violation pursuant to 42 U.S.C. § 1983 and several state law claims. The case was removed to federal court on August 28, 2007, and on September 4, 2007, Maricopa

1 County filed its Motion to Dismiss and the City Defendants filed their Partial Motion to
2 Dismiss. On that same date, Maricopa County, Sheriff Joe Arpaio, and Defendants Rogers
3 and Atwell filed Answers to Plaintiffs' Complaint.

4 Thereafter, Plaintiffs, through counsel, filed their Motion to Amend Complaint and Motion to Strike Section III of Defendant Maricopa County's Reply in Support of its Motion to Dismiss. On December 13, 2007, pursuant to a stipulation for dismissal with prejudice filed by the City Defendants and Plaintiff Anthony B. Giunta, the Court dismissed all of Plaintiff Anthony B. Giunta's claims against the City Defendants. The dismissal did not affect Plaintiff Anthony B. Giunta's claims against Maricopa County and Sheriff Joe Arpaio, or Plaintiff Agnes Lea Giunta's single claim for property damage against the City Defendants.

**DISCUSSION**

**A.     Motion to Amend Complaint and Motion to Strike**

In their Motion to Amend, Plaintiffs seek leave to amend their Complaint to eliminate the unnamed Defendants, eliminate the state law claims asserted against Maricopa County, and clarify the specific claims against the remaining Defendants. Specifically, the proposed First Amended Complaint asserts the following claims for relief: Count One – civil rights violation pursuant to 42 U.S.C. § 1983 against the City Defendants; Count Two – civil rights violation pursuant to 42 U.S.C. § 1983 against Maricopa County and Sheriff Joe Arpaio; Count Three – Negligence against the City Defendants; Count Four – Negligence against Sheriff Joe Arpaio; Count Five – False Arrest against the City Defendants; Count Six – Assault and Battery against the City Defendants; Count Seven – Intentional Infliction of Emotional Distress against the City Defendants and Sheriff Joe Arpaio; and Count Eight – Conversion and/or Trespass to Chattels against the City Defendants. The only claim in the proposed First Amended Complaint asserted by Plaintiff Agnes Lea Giunta is Count Eight.

Federal Rules of Civil Procedure 15(a) declares that "[t]he court should freely give leave [to amend] when justice so requires." The Ninth Circuit has noted that "Rule 15's

- 2 -

1  policy of favoring amendments should be applied with extreme liberality." Eldridge v.
2  Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted).  A court may deny a motion
3  to amend, however, if there is a showing of undue delay or bad faith on the part of the
4  moving party, undue prejudice to the opposing party, or futility of the proposed amendments.
5  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The party opposing amendment bears the
6  burden of showing prejudice, futility, or one of the other recognized reasons for denying a
7  motion to amend.  See DCD Programs, LTD. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).
8       In response to Plaintiffs' Motion, Maricopa County and Sheriff Joe Arpaio simply
9  argue that Plaintiffs should not be allowed "to rewrite their Complaint to make it better
10 because they are facing a Motion to Dismiss."  The Court finds this reasoning unpersuasive.
11 Notwithstanding the fact that Maricopa County and Sheriff Joe Arpaio completely fail to
12 demonstrate any undue delay or bad faith, prejudice, or futility of the proposed amendments,
13 Plaintiffs initially filed this matter *pro se*.  Now, having legal representation, Plaintiffs
14 merely seek to clarify their specific claims.
15      The City Defendants assert in their response that Plaintiffs' proposed First Amended
16 Complaint contains all of the claims asserted in the original Complaint.  The City Defendants
17 allege – as they do in their Partial Motion to Dismiss – that many of these claims are
18 statutorily barred for failure to file a notice of claim.  As such, the City Defendants contend
19 that any amendment would be futile.  Additionally, the City Defendants argue that allowing
20 Plaintiffs to amend their Complaint while a motion to dismiss is pending would be
21 prejudicial.  The Court is not persuaded by either argument.  First, the Court will not address
22 the merits of the City Defendants' Partial Motion to Dismiss while considering Plaintiffs'
23 Motion to Amend.  Second, as previously noted, the Court has dismissed all of Plaintiff
24 Anthony B. Giunta's claims against the City Defendants leaving only Count Eight –
25 Conversion and/or Trespass to Chattels – asserted by Plaintiff Agnes Lea Giunta as the single
26 remaining claim.  Count Eight as alleged in the proposed First Amended Compliant is
27 essentially the same claim asserted in Plaintiffs' original Complaint – to which the City
28

1 Defendants' Partial Motion to Dismiss applies.  Accordingly, the Court finds no prejudice
2 to the City Defendants.

3 The Court, finding that the City Defendants, Maricopa County and Sheriff Joe Arpaio
4 have failed to demonstrate undue delay or bad faith, prejudice, or futility of the proposed
5 amendments, will grant Plaintiffs leave to amend their Complaint.

6 Within Plaintiffs' Motion to Amend Complaint, Plaintiffs have filed a Motion to
7 Strike Section III of Defendant Maricopa County's Reply in Support of its Motion to
8 Dismiss.  To the extent that Plaintiffs' Motion to Strike is construed as an objection and
9 notice to the Court that Maricopa County has raised a new argument for the first time in its
10 reply brief, Plaintiffs' Motion will be granted.

11 The general rule is that a party cannot raise a new issue for the first time in its reply
12 brief.  Courts will not ordinarily consider matters raised for the first time in a reply brief as
13 the issues involved may not be fully explored.  Maricopa County's assertion that Plaintiffs
14 failed to adequately articulate a civil rights claim was raised for the first time in its Reply in
15 Support of its Motion to Dismiss.  Since Plaintiffs have not had an opportunity to respond
16 to Maricopa County's assertion, the Court will not address the merits of this argument at this
17 time.

18 **B.     Maricopa County's Motion to Dismiss**

19 In their Motion to Dismiss, Maricopa County argues that Plaintiffs failed to serve a
20 notice of claim on Maricopa County or the Board of Supervisors as required by A.R.S. § 12-
21 821.01.  As such, Maricopa County asserts that it should be dismissed from this action.  In
22 response, Plaintiffs contend that although the notice of claim requirement applies to state law
23 claims, the requirement may not be applied to a federal civil rights violation alleged pursuant
24 to 42 U.S.C. § 1983.  In its Reply, Maricopa County maintains its position regarding the
25 notice of claim requirement as applied to state law claims, but agrees with Plaintiffs'
26 assertion that the requirement is not a precondition to a civil rights action.

27
28

- 4 -

The Court finds that, in light of the fact that Plaintiffs' First Amended Complaint eliminates the state law claims asserted against Maricopa County to which the notice of claim requirement applies, and the fact that Maricopa County agrees that the notice of claim requirement is not a precondition to a civil rights action, Maricopa County's Motion to Dismiss will be denied as moot.

**C.    The City Defendants' Partial Motion to Dismiss**[1]

In their Partial Motion to Dismiss, the City Defendants argue that Plaintiff Agnes Lea Giunta's claim is barred because she failed to file a notice of claim with any of the City Defendants as required by A.R.S. § 12-821.01. Arizona's notice of claim statute, A.R.S. § 12-821.01, requires anyone with a claim against a public entity or employee to file notice of the claim with the public entity or employee prior to initiating legal proceedings. See Tryon v. Avra Valley Fire Dist., 659 F.Supp. 283, 284 (D. Ariz. 1986); Pritchard v. State, 788 P.2d 1178, 1183 (Ariz. 1990). A notice of claim must be filed within 180 days of the claim's accrual. See A.R.S. § 12-821.01(A). "[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." A.R.S. § 12-821.01(B).

In response to the City Defendants' assertion, Plaintiffs do not dispute that Plaintiff Agnes Lea Giunta failed to file a notice of claim with any of the City Defendants. The Court's review of the record fails to demonstrate otherwise. Thus, the City Defendants' Partial Motion to Dismiss will be granted.

---

[1] As previously noted, the Court has dismissed all of Plaintiff Anthony B. Giunta's claims against the City Defendants leaving only Count Eight – Conversion and/or Trespass to Chattels – asserted by Plaintiff Agnes Lea Giunta. Accordingly, in addressing the City Defendants' Partial Motion to Dismiss, the Court will focus exclusively on the arguments relating to Plaintiff Agnes Lea Giunta's claim.

- 5 -

**CONCLUSION**

**IT IS ORDERED** that Plaintiffs' Motion to Amend Complaint and Motion to Strike Section III of Defendant Maricopa County's Reply in Support of its Motion to Dismiss (Doc. #15) are **GRANTED**;

**IT IS FURTHER ORDERED** that Maricopa County's Motion to Dismiss (Doc. #6) is **DENIED** as moot;

**IT IS FURTHER ORDERED** that the City Defendants' Partial Motion to Dismiss (Doc. #7) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Complaint be filed in conformance with this Order, and the Order for Dismissal with Prejudice entered by this Court on December 13, 2007 (Doc. #25), on or before February 11, 2008.

DATED this 29th day of January, 2008.

*/s/ Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge